**KAZEROUNI LAW GROUP, APC**
Abbas Kazerounian, Esq. (SBN: 249203)
ak@kazlg.com
S. Mohammad Kazerouni, Esq. (SBN: 252835)
mike@kazlg.com
Assal Assassi, Esq. (SBN: 274249)
assal@kazlg.com
Matthew M. Loker, Esq. (SBN: 279939)
ml@kazlg.com
2700 N. Main Street, Ste. 1000
Santa Ana, California 92705
Telephone: (800) 400-6808
Facsimile: (800) 520-5523

**HYDE & SWIGART**
Robert Hyde, Esq. (SBN: 227183)
bob@westcoastlitigation.com
Joshua B. Swigart, Esq. (SBN: 225557)
josh@westcoastlitigation.com
411 Camino Del Rio South, Suite 301
San Diego, CA 92108
Telephone: (619) 233-7770
Facsimile: (619) 297-1022

*Attorneys for Plaintiff,*
Stephanie Carrillo

### UNITED STATES DISTRICT COURT
### SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEPHANIE CARRILLO,<br><br>Plaintiff,<br><br>v.<br><br>**PORTFOLIO RECOVERY ASSOCIATES, LLC; LEGAL RECOVERY LAW OFFICES, INC.; AND, MARK WALSH,**<br><br>Defendants. | Case No.: **'12 CV 0877 L    DHB**<br><br>**COMPLAINT FOR DAMAGES FOR VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT 15 U.S.C. §§ 1692-1692(P)**<br><br>**JURY TRIAL DEMANDED** |

///

///

///

///

*HYDE & SWIGART*
*411 Camino Del Rio South, Suite 301*
*San Diego, CA 92108-3551*

HYDE & SWIGART
411 Camino Del Rio South, Suite 301
San Diego, CA 92108-3551

**INTRODUCTION**

1. The United States Congress has found abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors, and has determined that abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy. Congress wrote the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq, to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses.

2. The California legislature has determined that the banking and credit system and grantors of credit to consumers are dependent upon the collection of just and owing debts and that unfair or deceptive collection practices undermine the public confidence that is essential to the continued functioning of the banking and credit system and sound extensions of credit to consumers. The Legislature has further determined that there is a need to ensure that debt collectors exercise this responsibility with fairness, honesty, and due regard for the debtor's rights and that debt collectors must be prohibited from engaging in unfair or deceptive acts or practices.[1]

3. STEPHANIE CARRILLO ("Plaintiff"), by Plaintiff's attorneys, brings this action to challenge the actions of PORTFOLIO RECOVERY ASSOCIATES, LLC (individually as "Portfolio Recovery" or collectively as "Defendants"); LEGAL RECOVERY LAW OFFICES, INC. (individually as "LRLO" or collectively as "Defendants"); and, MARK D. WALSH (individually as "Walsh" or collectively as "Defendants") with regard to attempts by Defendants, debt collector, to unlawfully and abusively collect a debt allegedly owed by Plaintiff, and this conduct caused Plaintiff damages.

4. Plaintiff makes these allegations on information and belief, with the exception of those allegations that pertain to a plaintiff, or to a plaintiff's counsel, which Plaintiff alleges on personal knowledge.

---

[1] Cal. Civ. Code §§ 1788.1 (a)-(b)

HYDE & SWIGART
411 Camino Del Rio South, Suite 301
San Diego, CA 92108-3551

5.    While many violations are described below with specificity, this Complaint alleges violations of the statutes cited in their entirety.

6.    Unless otherwise stated, Plaintiff alleges that any violations by Defendants were knowing and intentional, and that Defendants did not maintain procedures reasonably adapted to avoid any such violation.

7.    Unless otherwise indicated, the use of any Defendants' name in this Complaint includes all agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers of that Defendants named.

## JURISDICTION AND VENUE

8.    Jurisdiction of this Court arises pursuant to 28 U.S.C. §1331; and, 15 U.S.C. § 1692k.

9.    This action arises out of Defendants' violations of the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692-1692(p) ("FDCPA").

10.    Because Defendants do business within the State of California, personal jurisdiction is established.

11.    Venue is proper pursuant to 28 U.S.C. § 1391.

12.    At all times relevant, Defendants conducted business within the State of California.

## PARTIES

13.    Plaintiff is a natural person who resides in the City of San Clemente, County of Orange, State of California.

14.    Defendant, Portfolio Recovery, is located in the City of Norwalk, in the State of Virginia.

15.    Defendant, LRLO, is located in the City of San Diego, in the State of California.

16.    Defendant, Walsh, is located in the City of San Diego, in the State of California.

17.    Plaintiff is obligated or allegedly obligated to pay a debt, and is a "consumer" as that term is defined by 15 U.S.C. §1692a(3).

18.    Defendants are persons who use an instrumentality of interstate commerce or the mails in a business the principal purpose of which is the collection of debts, or who regularly collect or attempt to collect, directly or indirectly, debts owed or due or asserted to be owed or due another and are therefore "debt collectors" as that phrase is defined by 15 U.S.C. §

1692a(6).

19. Plaintiff is a natural person from whom a debt collector sought to collect a consumer debt which was due and owing or alleged to be due and owing from Plaintiff, and is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

**FACTUAL ALLEGATIONS**

20. Sometime before June 3, 2011, Plaintiff is alleged to have incurred certain financial obligations to Portfolio Recovery.

21. These financial obligations were primarily for personal, family, or household purposes and are therefore a "debt" as that term is defined by 15 U.S.C. § 1692a(5).

22. Sometime thereafter, but before June 3, 2011, Plaintiff allegedly fell behind in the payments allegedly owed on the alleged debt. Plaintiff currently takes no position as to the validity of this alleged debt.

23. Subsequently, but before June 3, 2011, Defendant, Portfolio Recovery, a debt collector pursuant to the FDCPA, retained Defendant, LRLO, and Defendant, Walsh, also debt collectors pursuant to the FDCPA, to proceed with legal action against Plaintiff for the collection of Plaintiff's alleged financial obligations.

24. Pursuant to the instructions of Defendant, Portfolio Recovery, Defendant, LRLO, and Defendant, Walsh, in the name of Portfolio Recovery, filed a state collection case against Plaintiff on June 3, 2011 in the Laguna Hills Superior Court based on Plaintiff's consumer account that was allegedly in default, Case No. 30-2011-00482159.

25. The purpose of the filing of the state case was not to pursue legitimate litigation, but to cause Plaintiff financial hardship with the intent of coercing Plaintiff to pay the alleged debt or merely hoping for Plaintiff's default.

26. In the state case, Defendants brought causes of action for: (i) breach of written contract; (ii) money had and received; and, (iii) account stated.

27. These causes of action had no merit, or evidentiary support, and were brought for the sole purpose of coercing Plaintiff to pay this alleged disputed debt.

28. In the complaint filed in state court, Defendants alleged that an "Account Stated" had

HYDE & SWIGART
411 Camino Del Rio South, Suite 301
San Diego, CA 92108-3551

HYDE & SWIGART
411 Camino Del Rio South, Suite 301
San Diego, CA 92108-3551

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

previously been entered into between Plaintiff and Portfolio Recovery when, in fact, this was not true.

29. Through this conduct, Defendants used false representations or deceptive means to collect or attempt to collect a debt or to obtain information concerning a consumer. Consequently, Defendants violated 15 U.S.C. § 1692e and 15 U.S.C. § 1692e(10).

30. In the complaint filed in state court, Defendants stated that Plaintiff had entered into an account stated "in writing" when, in fact, Defendants, knew or should have known that this was untrue, and that no such writing existed. This communication to Plaintiff was a false, deceptive, and misleading statement related to the collection of a debt.

31. Through this conduct, Defendants used false representations or deceptive means to collect or attempt to collect a debt or to obtain information concerning a consumer. Consequently, Defendants violated 15 U.S.C. § 1692e and 15 U.S.C. § 1692e(10).

32. At no time did Portfolio Recovery, LRLO, or Walsh have any evidence of "writing," and this false, deceptive, and misleading representation was made only for the purposes of coercing payment from a consumer.

33. At no time did Plaintiff enter into an account stated with anyone regarding this alleged obligation.

34. In this action, Defendants used a false, deceptive, or misleading representations or means in connection with the collection of a debt, in violation of 15 U.S.C. § 1692e and 15 U.S.C. § 1692e(10) because an action under an account stated requires that parties forgo any previous contract and, *instead*, enter into a new contract, which never happened in this case, a fact that Defendants either knew or should have reasonably known.

35. Defendants maintained this litigation up to and right before trial while all along knowing that Defendants never intended to actually go through with the trial, but instead, continue as an attempt to coerce a settlement.

36. Through this conduct, Defendants used false representations or deceptive means to collect or attempt to collect a debt or attempt to collect a debt or to obtain information concerning a consumer. Consequently, Defendants violated 15 U.S.C. § 1692e and 15 U.S.C. §

1692e(10).

37. Through this conduct, Defendants used an unfair or unconscionable means to collect or attempt to collect any debt. Consequently, Defendants violated 15 U.S.C. § 1692f.

38. Through this action, Defendants caused Plaintiff to incur further litigation fees and costs.

39. It was never the intent of Defendants to proceed to trial, as this activity was only meant to cause Plaintiff further expenses and coerce a settlement.

40. Through this conduct, Defendants threatened to take action that cannot be legally taken or that is not intended to be taken. Consequently, Defendants violated 15 U.S.C. § 1692e(5).

41. Through this conduct, Defendants used an unfair or unconscionable means to collect or attempt to collect any debt. Consequently, Defendants violated 15 U.S.C. § 1692f.

42. Pursuant to Code of Civil Procedure §128.7(b)(3), LRLO and Walsh certified to Plaintiff and the Court that Portfolio Recovery's allegations of account stated had evidentiary support, when in fact Defendants did not possess any evidence of any account stated, which is a written contract between the parties.

43. Though, Defendants did not possess such evidence, Defendants could have complied with CCP § 128.7(b)(3) by stating in the complaint that they believed in good faith that such evidence reasonably could be obtained. However, Defendants intentionally made no such statement regarding their lack of possession of evidence in an effort to mislead Plaintiff who would be justified in relying on CCP § 128.7(b)(3).

44. Through this conduct, Defendants used a false, deceptive, or misleading representation or means in connection with the collection of a debt. Consequently, Defendants violated 15 U.S.C. § 1692e and 15 U.S.C. § 1692e(10).

45. Through this conduct, Defendants used an unfair or unconscionable means to collect or attempt to collect any debt. Consequently, Defendants violated 15 U.S.C. § 1692f.

46. Prior to trial, rather than follow through on their threats, Defendants moved to dismiss the case against Plaintiff *without prejudice* on December 9, 2011, thereby subjecting Plaintiff to a future threat of litigation and denying Plaintiff the ability to vindicate himself through the action.

HYDE & SWIGART
411 Camino Del Rio South, Suite 301
San Diego, CA 92108-3551

47. None of the Defendants ever intended to take either action to trial, but used the threat of trial as a debt collection tactic to collect the alleged debt from Plaintiff through false, deceptive, and misleading means and threats to take action Defendants never intended to take.

48. Through this conduct, Defendants threatened to take action that cannot be legally taken or that is not intended to be taken.  Consequently, Defendants violated 15 U.S.C. § 1692e(5).

49. Through this conduct, Defendants used an unfair or unconscionable means to collect or attempt to collect any debt.  Consequently, Defendants violated 15 U.S.C. § 1692f.

**CAUSES OF ACTION CLAIMED BY PLAINTIFF**

**COUNT I**

**VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT (FDCPA)**

**15 U.S.C. §§ 1692 ET SEQ.**

50. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

51. The foregoing acts and omissions constitute numerous and multiple violations of the FDCPA, including but not limited to each and every one of the above-cited provisions of the FDCPA, 15 U.S.C. §§ 1692 et seq.

52. As a result of each and every violation of the FDCPA, Plaintiff is entitled to any actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages for a knowing or willful violation in the amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3) from each Defendants individually.

///
///
///
///
///
///

HYDE & SWIGART
411 Camino Del Rio South, Suite 301
San Diego, CA 92108-3551

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff prays that judgment be entered against Defendants for:

- an award of actual damages, in an amount to be determined at trial, pursuant to 15 U.S.C. § 1692k(a)(1), against each named Defendants individually;

- an award of statutory damages of $1,000.00, pursuant to 15 U.S.C. § 1692k(a)(2)(A);, against each named Defendants individually;

- an award of costs of litigation and reasonable attorney's fees, pursuant to 15 U.S.C. § 1692k(a)(3), against each named Defendants individually; and,

- any and all other relief that this Court deems just and proper.


Dated: <u>March 14, 2012</u>                          Respectfully submitted,

                                                    **HYDE & SWIGART**


                                           By: _____**/s/ Joshua B. Swigart**_____
                                                    Joshua B. Swigart, Esq.
                                                    Attorney for Plaintiff


**TRIAL BY JURY**

53.   Pursuant to the seventh amendment to the Constitution of the United States of America, Plaintiff is entitled to, and demands, a trial by jury.


Dated: <u>March 14, 2012</u>                          Respectfully submitted,

                                                    **HYDE & SWIGART**


                                           By: _____**/s/ Joshua B. Swigart**_____
                                                    Joshua B. Swigart, Esq.
                                                    Attorney for Plaintiff

HYDE & SWIGART
411 Camino Del Rio South, Suite 301
San Diego, CA 92108-3551

JS 44 (Rev. 12/07)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS

Stephanie Carrillo

## DEFENDANTS

Portfolio Recovery Associates, LLC; Legal Recovery Law Offices, Inc.; and, Mark Walsh

**(b)** County of Residence of First Listed Plaintiff _____
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant _____
(IN U.S. PLAINTIFF CASES ONLY)

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number)

Hyde & Swigart
411 Camino Del Rio South Suite 301, San Diego, CA 92108

Attorneys (If Known)

'12CV0877 L      DHB

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

☐ 1 U.S. Government
      Plaintiff

☒ 3 Federal Question
      (U.S. Government Not a Party)

☐ 2 U.S. Government
      Defendant

☐ 4 Diversity
      (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product | Med. Malpractice | ☐ 625 Drug Related Seizure | 28 USC 157 | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | Liability | ☐ 365 Personal Injury - | of Property 21 USC 881 | | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment | ☐ 320 Assault, Libel & | Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 460 Deportation |
| & Enforcement of Judgment | Slander | ☐ 368 Asbestos Personal | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 470 Racketeer Influenced and |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' | Injury Product | ☐ 650 Airline Regs. | ☐ 830 Patent | Corrupt Organizations |
| ☐ 152 Recovery of Defaulted | Liability | Liability | ☐ 660 Occupational | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| Student Loans | ☐ 340 Marine | **PERSONAL PROPERTY** | Safety/Health | | ☐ 490 Cable/Sat TV |
| (Excl. Veterans) | ☐ 345 Marine Product | ☐ 370 Other Fraud | ☐ 690 Other | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment | Liability | ☐ 371 Truth in Lending | **LABOR** | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/ |
| of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 380 Other Personal | ☐ 710 Fair Labor Standards | ☐ 862 Black Lung (923) | Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle | Property Damage | Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 875 Customer Challenge |
| ☐ 190 Other Contract | Product Liability | ☐ 385 Property Damage | ☐ 720 Labor/Mgmt. Relations | ☐ 864 SSID Title XVI | 12 USC 3410 |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal | Product Liability | ☐ 730 Labor/Mgmt.Reporting | ☐ 865 RSI (405(g)) | ☒ 890 Other Statutory Actions |
| ☐ 196 Franchise | Injury | | & Disclosure Act | | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | **FEDERAL TAX SUITS** | ☐ 892 Economic Stabilization Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate | ☐ 790 Other Labor Litigation | ☐ 870 Taxes (U.S. Plaintiff | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 442 Employment | Sentence | ☐ 791 Empl. Ret. Inc. | or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ | **Habeas Corpus:** | Security Act | ☐ 871 IRS—Third Party | ☐ 895 Freedom of Information |
| ☐ 240 Torts to Land | Accommodations | ☐ 530 General | | 26 USC 7609 | Act |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare | ☐ 535 Death Penalty | **IMMIGRATION** | | ☐ 900Appeal of Fee Determination |
| ☐ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities - | ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application | | Under Equal Access |
| | Employment | ☐ 550 Civil Rights | ☐ 463 Habeas Corpus - | | to Justice |
| | ☐ 446 Amer. w/Disabilities - | ☐ 555 Prison Condition | Alien Detainee | | ☐ 950 Constitutionality of |
| | Other | | ☐ 465 Other Immigration | | State Statutes |
| | ☐ 440 Other Civil Rights | | Actions | | |

## V. ORIGIN (Place an "X" in One Box Only)

☒ 1 Original
      Proceeding

☐ 2 Removed from
      State Court

☐ 3 Remanded from
      Appellate Court

☐ 4 Reinstated or
      Reopened

☐ 5 Transferred from
      another district
      (specify)

☐ 6 Multidistrict
      Litigation

☐ 7 Appeal to District
      Judge from
      Magistrate
      Judgment

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
15 U.S.C. § 1692 et seq.
Brief description of cause:
Unfair Debt Collection Practices

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION
   UNDER F.R.C.P. 23

DEMAND $
75,001.00+

CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY

(See instructions): JUDGE _____ DOCKET NUMBER _____

DATE
4/10/2012

SIGNATURE OF ATTORNEY OF RECORD
s/Joshua B. Swigart

**FOR OFFICE USE ONLY**

RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____